Filed 6/23/15  Marriage of Vallenthine CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re the Marriage of TED W. and TERESA S. VALLENTHINE. | C074269 |
| TED W. VALLENTHINE,<br><br>Appellant,<br><br>v.<br><br>TERESA S. VALLENTHINE,<br><br>Respondent. | (Super. Ct. No. FL374317) |

Appellant Ted W. Vallenthine (husband) appeals from the trial court's judgment on dissolution, wherein the court ordered husband to pay to respondent Teresa S. Vallenthine (wife) $500 per month in spousal support and denied husband's request for reimbursement for the $20,000 husband claimed he invested in wife's separate property real estate in Peru.  Husband's brief is difficult to understand.  We can discern two claims

1

of error: (1) the trial court erred in ordering him to pay spousal support; and (2) husband's trial counsel was negligent and/or committed fraud. Finding no error on the face of this record, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The parties were married in November 2006. In March 2012, husband filed a petition for dissolution of marriage. In his petition, husband asked the court to terminate its jurisdiction to award spousal support to wife and determine the parties' property rights.

A trial on the petition was held on May 6, 2013. Husband was represented by counsel, wife appeared in propria persona, and both parties testified. That same day, at the conclusion of the trial, the court divided the parties' marital estate and awarded each party their separate property. Husband was awarded his "SSI, Worker's Comp" as his separate property. The court took under submission the issues of spousal support and husband's request for reimbursement of his claimed investment in wife's separate property, identified as real property in Peru.

On May 15, 2013, the trial court issued a written judgment on the issues submitted at trial. Regarding spousal support, the court found wife did not earn enough money to meet her monthly expenses. The court also found husband had sufficient income to meet his expenses and pay spousal support to wife. In reaching that decision, the trial court considered husband's monthly "SSI" income of $1,465 as well as husband's monthly income from a "permanent workers' compensation settlement," totaling $1,770. The court ordered husband to pay to wife $500 each month for spousal support until "the death of either party, [wife's] remarriage, further order of the court or October 31, 2014[,] whichever occurs first."

The court denied husband's request that wife reimburse him for $20,000 husband claimed he invested in wife's separate property real estate in Peru. The court found there was "simply no evidence to support [husband's] request. There are no written

2

agreements, no evidence of what the money was allegedly used for and no bank documents to support the allegation that such large amounts were ever given to [wife]."

On June 3, 2013, husband filed a substitution of attorney, indicating he would no longer be represented by counsel. The following month, he filed his notice of appeal.[1]

DISCUSSION

Husband first contends the trial court wrongly considered his separate property income in ordering him to pay spousal support. A trial court may consider husband's separate property as a source of income in awarding spousal support. (Fam. Code, § 4320 ["[i]n ordering spousal support . . . , the court shall consider . . . . [¶] (e) [t]he obligations and assets, including the separate property, of each party].) There was no error.

Husband's claim that his trial counsel was negligent and/or committed fraud upon husband is not properly before this court. Husband misunderstands the role of this court. We do not consider such claims in the first instance; we review a trial court's ruling on claims that an attorney committed negligence or fraud in the representation of his or her client.

Husband also asks this court to consider new evidence and award him the $20,000 he invested in wife's separate property real estate in Peru. Again, husband misunderstands the role of this court. We do not consider evidence in the first instance; we review the evidence previously considered by the trial court.

---

[1] The record on appeal includes numerous documents and court orders issued after the judgment from which husband has appealed in this matter. What occurred after the judgment was issued in this matter is not relevant to the issues raised on appeal.

3

DISPOSITION

The orders of the court are affirmed.  Respondent shall recover her costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)


      ROBIE      , J.


We concur:


      NICHOLSON      , Acting P. J.


      MURRAY      , J.

4